Mathew K. Higbee, Esq., SBN 241380
Naomi M. Sarega, Esq., SBN 306967
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8349
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
JEREMY NICHOLL,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY NICHOLL,<br><br>Plaintiff,<br><br>v.<br><br>HERE MEDIA, INC. D/B/A/ WWW.OUT.COM,<br><br>Defendant. | Case No. ______________________<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jeremy Nicholl, for his Complaint against Here Media, Inc. d/b/a/ www.out.com, Defendant, alleges as follows:

**INTRODUCTION**

1. Jeremy Nicholl (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Here Media, Inc. d/b/a/ www.out.com, (hereinafter "Defendant"), with regard to the unlawful use of Plaintiff's copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff

damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendant because Defendant is an corporation with its principal place of business within the State of California, Defendant' acts of infringement complained of herein occurred in the State of California, and Defendant caused injury to Plaintiff in his intellectual property within the State of California.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant's principal place of business lies within this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

6. Plaintiff is a natural person.

7. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant, Here Media, Inc. d/b/a/ www.out.com is corporation incorporated under the laws of Delaware, with its principal place of business in the City of Los Angeles, in the State of California, and conducted business within the City of Los Angeles, in the State of California.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was an individual.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a corporation incorporated under the laws of the State of California and conducted business in this judicial district.

11. Plaintiff is a professional photographer. Plaintiff began his career in London, rapidly gaining a reputation of one of the UK's leading news photographers. In 1986, he was invited to join a proposed new national newspaper, the Independent, becoming a core member of an award winning editorial team. In 1989 he left the Independent to concentrate on longer-term documentary photography, and since 1991 has specialized in reportage from across Russia and the Former Soviet Union, while taking time out to work on assignment photography and personal projects elsewhere. Plaintiff's work has appeared in a

wide range of publications around the world and has been shown at numerous international festivals and exhibitions. Plaintiff has also won a number of awards, including World Press Photo and Interfoto, Russia's leading contest for professional photographers. Plaintiff has a reputation as one of the most versatile photographers working today.

12. Plaintiff took the Original Image. *See* Original Image attached hereto as Exhibit A.

13. Plaintiff has ownership and copyright of the Image.

14. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VAu1-068-103.

15. Plaintiff has provided notice to Defendant that the Image is subject to copyright and to cease use of the Image.

16. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendant.

17. Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

18. Plaintiff is informed and believes that Defendant used the Image on its business website from as early as November 29, 2012 until an unknown date. *See* Screenshots of Defendant's use, attached hereto as Exhibit B.

19. As of May 17, 2017, Plaintiff's Image was still located and accessible on Defendant's website server via an URL located at http://www.out.com/sites/out.com/files/styles/teaser_custom_user_desktop_1x/public/2012/11/29/russiaMAIN.jpg?itok=MSsNAuV3 allowing for further public access and downstream infringement. *See* Current Screenshot, attached hereto as Exhibit C.

20. On information and belief, Defendant knew that it did not possess any rights in the Image and that its use of the Image was unauthorized.

21. On information and belief, Defendant's use of the Image was deliberate and willful.

22. Additionally, Defendant's failure to remove the Image from its server further supports Plaintiff's claim of willfulness.

23. Defendant used the Image to promote Defendant' business.

24. Plaintiff did not consent to the use of his Image for commercial gain.

## <u>FIRST CAUSE OF ACTION</u>

## COPYRIGHT INFRINGEMENT

## Title 17 of the United States Code

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

//

27. Plaintiff is informed and believes and thereon alleges that said Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

28. As a result of each and every Defendant' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);
- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and
- Awarding any other relief the Court deems just and proper.

Dated: May 17, 2017

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Jeremy Nicholl, hereby demands a trial by jury in the above matter.

Dated: May 17, 2017

Respectfully submitted,

**/s/ Mathew K. Higbee**

Mathew K. Higbee, Esq.
Cal. Bar No. 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*